UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAME MICHAEL SHARRAK,

    Petitioner,

v.                                                  Case No. 12-51237

UNITED STATES OF AMERICA,

    Respondent.

                                                 /

**ORDER DENYING MOTION FOR RETURN OF PROPERTY**

    The matter before the court is Petitioner Lame Michael Sharrak's ("Petitioner Sharrak") Motion for Return of Property. [Dkt. # 1] Sharrak asks the court to compel the United States government ("the government") to return a notebook computer and related electronic equipment that was seized from his twin brother's, Francis A. Sharrak ("Defendant Sharrak"), cell at the Wayne County Jail prior to Defendant Sharrak's sentencing hearing before the court.

    The government responds that the items Petitioner seeks are not in the government's custody or its actual or constructive possession. The government states that on March 8, 2012, the Wayne County Sheriff's Department seized a notebook computer, an external hard drive, a flash drive, one set of earphones, one wireless mouse, and a power cord from Defendant Sharrak's cell at the Wayne County Jail. It further states that on March 16, 2012, the Wayne County Jail transferred custody and actual possession of these items to federal agents in order to permit copying of electronic data. On April 26, 2012, the government returned the items to Wayne

County.

Federal Rule of Criminal Procedure 41(g) allows a person "aggrieved by . . . the deprivation of property" to move for its return. "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. Hess*, 982 F.3d 181, 186 (6th Cir. 1992). However, the government has presented a "Receipt for Detained Property" that shows that on April 26, 2012, the government returned Defendant Sharrak's property to Wayne County. (Pg. ID# 19–20.) Simply put, the government returned Defendant Sharrak's property to Wayne County (a distinct sovereign entity), and cannot return to Petitioner Sharrak property that it no longer has. *See United States v. White*, 718 F.2d 260, 261 (8th Cir. 1983) ("[S]ince the government does not possess White's property, it cannot return his property[.]"). Accordingly,

IT IS ORDERED that Petitioner Sharrak's motion for return of property [Dkt. # 1] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JC\Civil\12-51237.SHARRACK.MotReturnProperty.jac.wpd